113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ACTIVISION, Plaintiff-Appellant,
v.
JOSHA DISTRIBUTING CORP., an Illinois corporation; Roger
Young, President, Defendants-Appellees.
 No. 96-55661.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Activision appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of its diversity action claiming fraud under California law by Josha Distributing Corp. and Roger Young, president of Josha. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Activision contends that the statute of frauds does not bar an action for promissory fraud against a corporate officer directly involved in the fraud. This contention lacks merit.
 
 
 4
 We review de novo a dismissal for failure to state a claim. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989).
 
 
 5
 "No evidence is admissible to charge a person upon a representation as to the credit of a third person, unless such representation, or some memorandum thereof, be in writing, and either subscribed by or in the handwriting of the party to be charged." Cal.Civ.Proc.Code § 1974 (West 1997). An action for fraud based on oral misrepresentations as to the financial condition or credit of a third person is barred by the statute of frauds. See Cal.Civ.Proc.Code § 1974; Seneca Communications, Inc. v. International Bank of Cal., 163 Cal.Rptr. 176, 178 (Cal.Ct.App.1980). Even if the extension of credit to the third party may have resulted in a secondary and incidental benefit to the party making the oral misrepresentation, the action is still barred. See Seneca, 163 Cal.Rptr. at 181. There is an exception to the writing requirement when the third party is the alter ego of the defendant. See Grant v. United States Elecs. Corp., 270 P.2d 64, 67 (Cal.Ct.App.1954).
 
 
 6
 Here, Activision alleged that Young, through employees of Josha, made representations to Activision that Josha was willing and able to pay for goods purchased on credit terms. Activision's fraud claim against Young is based on Young's alleged misrepresentations regarding the credit of a third party, Josha Distributing. Activision conceded that the alleged false representations were oral. Thus, the statute of frauds would bar Activision's action unless Josha was the alter ego of Young. See Grant, 270 P.2d at 67. Activision elected not to amend its complaint to include alter ego allegations. As such, Activision's action against Young is barred by the statute of frauds. See Cal.Civ.Proc.Code § 1974; Seneca, 163 Cal.Rptr. at 178. Accordingly, the district court properly dismissed Activision's complaint because Young's alleged oral misrepresentations regarding the credit of Josha Distributing are not actionable under the statute of frauds. See Kruso, 872 F.2d at 1421.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3